**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

IN RE:                                                    Case No.: 15-16388-JKO

HIGH RIDGE MANAGEMENT CORP.,            Chapter 11

     Debtor.

_____/

IN RE:                                                    Case No.: 15-16389-RBR

HOLLYWOOD HILLS REHABILITATION            Chapter 11
CENTER, LLC,

     Debtor.

_____/

IN RE:                                                    Case No.: 15-16390-RBR

HOLLYWOOD PAVILION, LLC,                   Chapter 11

     Debtor.

_____/

**CONSOLIDATED CHAPTER 11 CASE MANAGEMENT SUMMARY**

    In compliance with Local Rule 2081-1(B), debtors-in-possession, High Ridge Management Corp. ("High Ridge"), Hollywood Hills Rehabilitation Center, LLC ("Hollywood Hills") and Hollywood Pavilion, LLC ("Pavilion") file this Consolidated Chapter 11 Case Management Summary and state:[1]

    1.    **Date of Orders for Relief under Chapter 11:**    **April 8, 2015**.

---

[1]The following data represents approximations for background information only and the information represents the Debtors' best estimates in response to some of the ensuing questions.

2.      **Names, case numbers and dates of filing of related debtors:**[2]

| Name of Debtor Entity | Case Number | Petition Date |
|---|---|---|
| High Ridge Management Corp. | 15-16388-JKO | April 8, 2015 |
| Hollywood Hills Rehabilitation Center, LLC | 15-16389-RBR | April 8, 2015 |
| Hollywood Pavilion, LLC | 15-16390-RBR | April 8, 2015 |

3.      **Description of Debtors' Businesses**:

| Debtor Entity | Debtor's Interest | Brief Description |
|---|---|---|
| High Ridge Management Corp. | N/A | The Debtor owns real estate located at 1200 N. 35th Avenue, Hollywood, Florida as well as the 100% ownership interests in two affiliated debtor entities: (a) Hollywood Hills Rehabilitation Center, LLC (the "Hollywood Hills"), and (b) Hollywood Pavilion, LLC ("Hollywood Pavilion"). The Debtor previously managed the Nursing Home and Pavilion. A summary of the entities and their businesses follows: |
| Hollywood Hills Rehabilitation Center, LLC | 100% of membership interests | This business operates a 152-bed nursing home. |
| Hollywood Pavilion, LLC | 100% of membership interests | This business operated a 50-bed inpatient and outpatient psychiatric care center for individuals suffering from mental health disorders, trauma, and substance abuse issues. As of the Petition Date, Larkin Hospital manages the operation per the *Interim Administrative Services Agreement* dated January 31, 2014. |

4.      **Locations of Debtors' operations and whether the business premises are leased or owned:**

| Location | Leased | Owned |
|---|---|---|
| 1200 North 35th Avenue Hollywood, Florida 33021 | | X[3] |

---

[2] Motions for joint administration and intra-district transfer are pending.

[3] The real property is owned by High Ridge Management Corp.

5.     **Reasons for filing Chapter 11:** The Debtors filed bankruptcy in order to facilitate a sale of the nursing home business owned by Hollywood Hills, and the real estate owned by High Ridge, upon which the businesses operate. Debtors, High Ridge and Hollywood Hills will be filing a motion to sell the referenced assets as well as a Chapter 11 plan of liquidation.

The Debtors will be filing the *Debtors' Emergency Motion for Turnover of the Estate, or in the Alternative, for Entry of an Order Directing the Receiver to Provide (1) an Accounting, (2) Information Required by the Debtors to Comply with their Obligations Duties as Debtors-in-Possession, and (3) Information Required by the Debtors to Facilitate a Sale of Their Assets* (the "Motion for Turnover"), which seeks turnover of the Debtors' property from the state court receiver (the "Receiver") that was in place prior to the Petition Date. The Motion for Turnover will contain a more detailed description of the events preceding the commencement of these cases.

6.     **List of officers and directors, if applicable, and their salaries and benefits at the time of filing and during the 1 year prior to filing**:

| Officer/Director | Salaries within 1 year prior to filing | Benefits within 1 year prior to filing |
|---|---|---|
| Leonore Kallen | $0.00 | None |
| Tamir Zury | $0.00 | None |

7.     **Debtors' fiscal or calendar year to date gross income and the debtors' gross income for the calendar or fiscal year prior to the filing of this petition**:

| | 2014 | 2015 YTD |
|---|---|---|
| **High Ridge** | $974,614.00 | Unknown |
| **Hollywood Hills** | $13,606,072.00 | $7,782,884.00[4] |
| **Hollywood Pavilion** | $2,112,066.00 | Unknown |

8.     **Amounts owed to various creditors**:

    a.     **Obligations owed to priority creditors including priority tax obligations**:

| Priority Tax Obligations | Debtor | Amount |
|---|---|---|
| Florida Agency for Health Care Administration ("AHCA") | Hollywood Hills | $0.00[5] |

---

[4] This income is for a period from July 2014 to January 2015 as reflected in financials referenced in a report filed by the Receiver in the state court foreclosure action on March 17, 2015.

[5] Estimated based upon Hollywood Hills Rehabilitation Center, LLC's "Unpaid Bills Detail" dated April 2, 2015 provided by the Receiver.

b. **With respect to creditors holding secured claims, the name of and amounts owed to such creditors and a description and estimated value of all collateral of the debtors securing their claims**:

| Secured Claim | Amount of Claim | Value of Collateral |
|---|---|---|
| Hollywood Property Investments, LLC | $13,992,466[6] *The amount is disputed by the Debtor | $15,500,000[7] |

c. **Amount of unsecured claims**: Approximately $999,425.86.[8]

9. **General description and approximate value of the debtors' assets:**

| Description of Asset | Approximate Value* of Asset *Does not take into account exemptions or type of interest |
|---|---|
| Real Property located at 1200 N 35 Avenue Hollywood, FL 33021 | $15,500,000[9] |
| 100% ownership interests in Hollywood Hills Rehabilitation Center, LLC | Unknown |
| 100% ownership interests in Hollywood Pavilion, LLC | Unknown |

---

[6] Pursuant to the Joint Pretrial Statement filed in the state court foreclosure action, calculated as being comprised of: (a) $6,519,847 in principal; (b) $4,116,151 in protective advances; (c) $1,034,676 in simple interest from January 31, 2013 through February 19, 2015; (d) $2,850,952 in differential default interest from January 31, 2013 through February 19, 2015; and accounting for (e) [$529,160] in application of payments received from the Debtors. This creditor has indicated that from February 19, 2015 forward, simple interest would continue to accrue at $1,945.00 per diem, and differential default interest will continue to accrue at $5,423.00 per diem.

[7] Based upon an appraisal dated March 14, 2014 prepared at the direction of the Receiver.

[8] This number is an approximation based upon an AP Aging Summary Report dated April 2, 2015 provided by the Receiver.

[9] See footnote 6, above.

10. **List of all insurance policies, the property covered under the policy, the name of the insurer, the policy number, amount of coverage, whether the premium is current, the date the next premium is due and date the policy expires:**[10]

| Insurer & Policy # | Property Covered | Amount of Coverage | Current? Expiration? |
|---|---|---|---|
| Landmark American Insurance Co. #LHC747025 | Hollywood Pavilion, LLC – Professional Liability Claims | $1,000,000 per claim; $3,000,000 aggregate | Expires 9/9/15 |
| Westchester Surplus Lines Ins. Co. #D37390276003 (Property, wind, replacement); #82261269 (crime); #BAJBME17A343406PH14 (equipment) | Hollywood Hills Rehab. Center, LLC – Property, general liability, and machinery. | $10,000,000; $500,000; and $2,900,000, respectively | Expires 1/1/15; 11/14/15; and 1/1/15, respectively |
| Westchester Surplus Lines Ins. Co. | High Ridge Management Corp. | | |
| Hudson Excess Ins. Co. | Hollywood Hills Rehab. Center, LLC – Professional Liability Claims | $25,000 | Expires 1/1/16 |
| Comp Options Ins. Co. | HP & HH – Worker's Comp. | $500,000.00 | Expires 3/29/15 |

11. **Number of employees and amounts of wages owed as of petition date:** At this time, the Debtors do not have this information because the Receiver has been operating the Debtors' businesses. The Debtors will amend this Case Management Summary, if necessary, upon turnover of property of the estate from the Receiver.

12. **Status of debtors' payroll and sales tax obligations, if applicable. This does not eliminate the obligation of Chapter 11 debtors (other than individuals not engaged in business) to provide the more detailed payroll tax information required by Local Rule 2081-1(A)**: At this time, the Debtors do not have this information because the Receiver has been operating the Debtors' businesses. The Debtors will amend this Case Management Summary, if necessary, upon turnover of property of the estate from the Receiver.

---

[10] The information provided is from the Receiver and may not reflect the most current insurance coverage held by the Debtors.

13. **Anticipated emergency relief to be requested within 14 days from the petition date:**

    a.  Debtors' Emergency Motion for Turnover of the Estate, or in the Alternative, for Entry of an Order Directing the Receiver to Provide (1) an Accounting,, (2) Information Required by the Debtors to Comply with their Obligations Duties as Debtors-in-Possession, and (3) Information Required by the Debtors to Facilitate a Sale of Their Assets;

    b.  Debtors' Emergency Motion to Extend Time to File Schedules and Statements;

    c.  Debtors' Emergency Motion for Entry of: (1) An Order Approving (A) Bidding Procedures, (B) The Form and Manner of Notices, (C) Sale Agreements with Stalking Horse Bidder; and (D) Scheduling an Auction, a Sale Hearing, and Establishing Dates and Deadlines Related Thereto; (2) An Order (A) Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of Liens, Claims, and Encumbrances, (B) Granting the Purchaser the Protections Afforded to a Good Faith Purchaser, and (C) Granting Related Relief;

    d.  Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code;

    e.  Debtors' Emergency Motion for an Order (1) Setting Hearing on Confirmation of Plan; (2) Setting Deadline for Filing Objections to Confirmation; and (3) Directing Debtors to Serve Notice;

    f.  Debtors' Emergency Motion to Modify Bar Date for All Creditors, Including Governmental Units, to File Proofs of Claim;

    g.  Debtors' Expedited Motion to Waive Requirement of Healthcare Ombudsman;

    h.  Debtors' Motion to Pay Debtors' Professionals on a Monthly Basis;

    i.  Applications to employ:

        i.  bankruptcy counsel for the Debtors;

        ii.  special counsel (transactional)

        iii.  special counsel (litigation)

        iv.  Accountants and Financial Advisors

        v.  Chief Compliance Officer

*[Balance of Page Intentionally Blank]*

DATED: April____, 2015

HIGH RIDGE MANAGEMENT CORP.

By: _____
       Tamir Zury, Director

HOLLYWOOD REHABILITATION CENTER,
LLC
By:   High Ridge Management Corp.,
       Managing Member

By: _____
       Tamir Zury, Director

HOLLYWOOD PAVILION, LLC
By:   High Ridge Management Corp.,
       Managing Member

By: _____
       Tamir Zury, Director

556200.2