**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Case No.: 15-16388-JKO |
| HIGH RIDGE MANAGEMENT CORP., | Chapter 11 |
| Debtor. _____/ | |
| IN RE: | Case No.: 15-16389-JKO |
| HOLLYWOOD HILLS REHABILITATION CENTER, LLC, | Chapter 11 |
| Debtor. _____/ | |
| IN RE: | Case No.: 15-16390-JKO |
| HOLLYWOOD PAVILION, LLC, | Chapter 11 |
| Debtor. _____/ | |

**DEBTORS' APPLICATION TO EMPLOY GRACE E. ROBSON AND MARKOWITZ RINGEL TRUSTY & HARTOG, P.A. NUNC PRO TUNC TO THE PETITION DATE**

High Ridge Management Corp., Hollywood Hills Rehabilitation Center, LLC, and Hollywood Pavilion, LLC (collectively, the "Debtors"), each respectfully request the entry an order of the Court authorizing the employment of Grace E. Robson and the law firm of Markowitz Ringel Trusty & Hartog, P.A. ("MRTH"),to represent the debtors-in-possession in the above captioned cases *nunc pro tunc* to the Petition Date and states:

1. On April 8, 2015 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

1

2. The Debtors desire to employ Grace E. Robson and MRTH as its attorneys in this case.

3. The Debtors believe that Ms. Robson and MRTH are qualified to practice in this court and are qualified to advise the Debtors on their relations with, and responsibilities to, the creditors and other interested parties.

4. The professional services that Ms. Robson and MRTH will render are summarized as follows:

    a. To give advice to the Debtors with respect to its powers and duties as debtors-in-possession and the continued management of their business operations;

    b. To advise the Debtors with respect to their responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the court;

    c. To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

    d. To protect the interest of the Debtors in all matters pending before the court;

    e. To represent the Debtors in negotiation with their creditors in the preparation of a plan of reorganization.

5. To the best of the Debtors' knowledge, neither Ms. Robson, nor MRTH have any connection with the creditors or other parties in interest or their respective attorneys. Further, to the best of the Debtors' knowledge, neither Ms. Robson nor MRTH represent any interest adverse to the Debtors.

6. Attached to this application is the declaration of Grace E. Robson demonstrating that Ms. Robson and MRTH are disinterested as required by 11 U.S.C. § 327(a) and a verified statement as required under Bankruptcy Rule 2014.

WHEREFORE, the Debtors respectfully request an order authorizing retention of Grace E. Robson and MRTH on a general retainer, pursuant to 11 U.S.C. §§ 327 and 330.

DATED: April 8, 2015

HIGH RIDGE MANAGEMENT CORP.

By: _____
Tamir Zury, Director

HOLLYWOOD REHABILITATION CENTER, LLC
By: High Ridge Management Corp., Managing Member

By: _____
Tamir Zury, Director

HOLLYWOOD PAVILION, LLC
By: High Ridge Management Corp., Managing Member

By: _____
Tamir Zury, Director

556192.2

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Case No.: 15-16388-JKO |
| HIGH RIDGE MANAGEMENT CORP., | Chapter 11 |
| Debtor. _____/ | |
| IN RE: | Case No.: 15-16389-JKO |
| HOLLYWOOD HILLS REHABILITATION CENTER, LLC, | Chapter 11 |
| Debtor. _____/ | |
| IN RE: | Case No.: 15-16390-JKO |
| HOLLYWOOD PAVILION, LLC, | Chapter 11 |
| Debtor. _____/ | |

**DECLARATION OF GRACE E. ROBSON IN SUPPORT OF**
**DEBTORS' APPLICATION TO EMPLOY GRACE E. ROBSON**
**AND MARKOWITZ RINGEL TRUSTY & HARTOG, P.A.**

1. I am Grace E. Robson. I am a partner of Markowitz Ringel Trusty &Hartog, PA ("MRTH" or the "Firm"). MRTH maintains offices at 9130 South Dadeland Boulevard, Suite 1800, Miami, Florida 33156 and 101 NE Third Avenue, Suite 1210, Fort Lauderdale, Florida 33301. I am familiar with the matters set forth herein and make this declaration in support of the Debtors' application to retain MRTH (the "Application").

2. I am admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the United States Bankruptcy Court for the Southern District of Florida.

1

3. I have reviewed the list of all of the creditors of the Debtors, provided to us by the Debtors, as well as UCC filings filed against the Debtors as recorded in the Florida Secured Transaction Registry.

4. Based upon such review, neither I, nor MRTH, represent any entity in a matter that would constitute a conflict of interest or impair the disinterestedness of MRTH.

5. Further, to the best of my knowledge after inquiry, neither I nor MRTH have any connections with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

6. This declaration is prepared pursuant to Fed. R. Bank. P. 2014(a), to identify the Firm's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee.

7. After conducting a review of the Firm's records and the creditor matrix filed by the Debtors, and to the best of my knowledge and belief, I identified the following connections:

    A. **Debtors**:

        I. See Below.

    B. **Creditors**[1]. The Firm has some connections with creditors of the Debtors:[2]

---

[1] There are creditors listed in the Debtors' creditor matrix that appear in the Firm's conflict check system, but which may or may not be the same entity that the Firm has or had a connection with. For example, "ALCO" is listed on the creditor matrix and the firm's conflict check reflects "ALCO Security" as a closed matter for which the Firm was adverse. In an abundance of caution, this declaration identifies the Firm's connections by the party name reflected in the creditor matrices and presumes the creditor is the same entity appearing in the Firm's conflict check system. If, however, there is a full name of creditor specified in the creditor matrix, the Firm only includes such creditor if the name in the Firm's conflict check system is an exact match.

[2] The conflict check was for all known creditors and parties in interest for the three affiliated debtors-in-possession, High Ridge Management Corp., Hollywood Hills Rehabilitation Center, LLC and Hollywood Pavilion, LLC.

I. <u>Creditor Representation - Closed</u>. The Firm has represented the following creditors in the past on matters wholly unrelated to this case and all such matters are now closed:

    i. ADP

    ii. Alimed, Inc.

    iii. Briggs

    iv. Ceridian

    v. Cheney Brothers, Inc.

    vi. Daimler Chrysler

    vii. Dell Marketing, LP

    viii. Edward Don & Company

    ix. Fedex

    x. Florida Bracing Centers

    xi. Foster Medical Supply, Inc.

    xii. Grainger

    xiii. HD Supply

    xiv. Heritage Service Group of South Florida

    xv. Jean Marie

    xvi. Kronos

    xvii. McKesson Medical-Surgical

    xviii. Medline Industries, Inc.

    xix. PeachTree Business Products

    xx. Pitney Bowes

      xxi.    Pitney Bowes Purchasing Power

      xxii.    Positive Promotions, Inc.

      xxiii.    RSR

      xxiv.    S&D Coffee, Inc.

      xxv.    Seitlin

      xxvi.    Sherwin Williams, Co

      xxvii.    Sun Sentinel

      xxviii.    The Hartford

      xxix.    Tri State Surgical Supply

      xxx.    Tyco Integrated Security

      xxxi.    US Food Service

      xxxii.    VP Press

      xxxiii.    Waste Management

      xxxiv.    World Cinema, Inc.

II.    <u>Creditor Representation - Open</u>. The Firm currently represents creditors on matters wholly unrelated to this case:

      i.    David Goldberg

      ii.    Fedex

      iii.    Grainger

      iv.    HD Supply

      v.    Jean Marie

      vi.    Pitney Bowes Purchasing Power

      vii.    Sherwin Williams2

   viii. The Hartford

   ix. Tyco Integrated Security

   x. US Legal Support, Inc.

 III. <u>Representation Adverse to Creditors - Closed</u>.  The Firm has represented parties adverse to creditors on matters wholly unrelated to this case and all such matters are now closed:

   i. ADP

   ii. ALCO

   iii. Alzheimers Association SE FL Chapter

   iv. American Ambulance Service

   v. BankAtlantic

   vi. BB&T

   vii. Besam Entrance Solutions

   viii. Briggs

   ix. Brown & Brown

   x. Carol Marie

   xi. Cheney Brothers, Inc.

   xii. Creative Medical Services

   xiii. Dade Paper Company

   xiv. David Goldberg

   xv. Fedex

   xvi. Florida Department of Revenue

   xvii. Florida Medical Stat Lab

      xviii.    Florida Reference Laboratory

      xix.    FPL

      xx.    HearX, LTD

      xxi.    Humana Health Care Plans

      xxii.    Hurricane Towel Supply

      xxiii.    Jean Marie

      xxiv.    Kubicki Draper

      xxv.    Medics Ambulance Service, Inc.

      xxvi.    Memorial Regional Hospital

      xxvii.    North Miami Beach Surg.

      xxviii.    Sherwin Williams

      xxix.    South Florida Medical Corp

      xxx.    South Florida Urology Center

      xxxi.    Stericycle, Inc.

      xxxii.    The Hartford

      xxxiii.    UPS

    IV.    <u>Representation Related to This Case</u>.  The Firm has represented parties on matters related to this case:

      i.    None

    V.    <u>Representation Adverse to Creditors – Open</u>.  The Firm presently represents parties adverse to creditors on matters wholly unrelated to this case:

      i.    BankAtlantic

      ii.    BB&T

    iii.    Besam Entrance Solutions

    iv.    Briggs

    v.    Broward County Revenue Collection

    vi.    Broward County Tax Collector

    vii.    Chase Card Service

    viii.    Creative Medical Services

    ix.    Directv

    x.    Fedex

    xi.    Florida Department of Revenue

    xii.    Florida Medical Stat Lab

    xiii.    FPL

    xiv.    GMC Air Conditioning Services, LLC

    xv.    Grainger

    xvi.    Home Depot Credit Services

    xvii.    Jean Marie

    xviii.    Jennifer Garcia

    xix.    L&M Resource, Inc.

    xx.    Lexus Financial Services

    xxi.    Mercedes-Benz Financial

    xxii.    Milner Documents

    xxiii.    Pace Medical Maintenance

    xxiv.    Pitney Bowes

    xxv.    Pitney Bowes Purchase Power

        xxvi.   Stericycle, Inc.

        xxvii.   The Hartford

        xxviii.   UPS

        xxix.   Verizon Wireless

        xxx.   Waste Management

        xxxi.   Windstream

C. **Other Parties in Interest**.

    i.   Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A. This entity is listed on the creditor matrix as a party that might be owed money by the Debtor. Jerry Markowitz, an attorney and founding shareholder of the Firm is married to Patricia Redmond, an attorney and shareholder of the referenced entity. To the best of the Firm's knowledge and belief, this connection is not a conflict and does not impair the Firm's disinterestedness.

D. **United States Trustee**.

    i.   Timothy Bow, Esq., interned with the Office of the United States Trustee, from September 2012 to March 2013.

    ii.   The Firm has no other connections with the United States Trustee, nor any person employed in the Office of the United States Trustee.

8. Except for the continuing representation of the Debtors, neither I, nor MRTH, has or will represent any other entity in connection with this case and neither I, nor MRTH, will accept any fee from any other party or parties in this case, except the debtors-in-possession, unless otherwise authorized by the Court.

9. In the one year prior to the commencement of this Chapter 11 Case, MRTH received a security retainer for services and costs for services to be provided to all of the Debtors in the aggregate amount of $75,000.00 from Leonore Kallen, a director and the sole voting equity security

8

holder of High Ridge Management Corp. MRTH allocated $25,000 to each Debtor as a security retainer.

10. MRTH and applied $56,834.50 towards fees and $5,931.96 towards costs as follows:[3]

| Date | Description/Amount |
|---|---|
| 3/13/2015 | $37,500, from which $12,500 was allocated to each Debtor |
| 3/17/2015 | $37,500, from which $12,500 was allocated to each Debtor |
| 4/8/2015 | $21,863.50 applied for fees and $1,845.03in costs regarding High Ridge |
| 4/8/2015 | $17,357.50 applied for fees and $2,317.90in costs regarding Hollywood Hills |
| 4/8/2015 | $17,613.50 applied for fees and $1,769.03in costs regarding Pavilion |

11. MRTH neither holds nor represents any interests adverse to the Debtors and is a "disinterested person" within the scope of Section 101(14) of the Bankruptcy Code.

12. The professional fees and costs incurred by MRTH in the course of its representation of the Debtors in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and Bankruptcy Rules 2014 and 2016.

13. The current hourly rates for the attorneys at MRTH range from $250 to $625. The current hourly rates for legal assistants and paralegals range from $125 to $175. In the ordinary course of business, MRTH adjusts its rates from time to time, typically in January.

---

[3]The amounts applied against the security retainer for fees and costs included estimated fees and expenses to be incurred prior to the Petition Date. If and to the extent the actual fees and expenses incurred prior to the Petition Date exceed the estimated amounts paid, MRTH shall transfer such difference to MRTH's trust account to be held as a security retainer for post-petition services and expenses. If and to the extent the actual fees and expenses incurred prior to the Petition Date exceed the estimated amounts paid, MRTH waives such amounts.

14. There is no agreement of any nature, other than amongst members of the firm, as to the sharing of compensation to be paid to the firm. No promises have been received by MRTH or any member thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

15. No attorney in MRTH is or has served as an officer, director or employee of the Debtors within two years of the Petition Date.

16. No attorney in our firm is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors.

17. No attorney in our firm is a general or limited partner of a partnership in which the Debtors is also a general or limited partner.

18. No attorney in our firm is or has served as an officer, director or employee or financial advisor engaged by the Debtors in connection with the offer, sale, or issuance of a security of the Debtor within two years of the Petition Date.

19. No attorney in our firm has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before filing the petition.

20. To the best of my knowledge and belief, no attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

21. Based upon the foregoing representations, I do not believe that I, nor the Firm, hold or represent any interest adverse to the estate, and that we are disinterested persons as required by 11 U.S.C. § 327(a).

22. This concludes my declaration.

## 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 10, 2015.

>   /s/ *Grace E. Robson*
>   GRACE E. ROBSON