UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                                    Case No.: 15-16388-JKO

HIGH RIDGE MANAGEMENT CORP., *et al.*[1]                     Chapter 11

　　　　Debtors.                                                              (Jointly Administered)
_____/

### DEBTORS' APPLICATION TO EMPLOY SONEET KAPILA, CPA AND KAPILAMUKAMAL, LLP AS ACCOUNTANTS AND FINANCIAL ADVISORS NUNC PRO TUNC TO THE PETITION DATE

High Ridge Management Corp., Hollywood Hills Rehabilitation Center, LLC, and Hollywood Pavilion, LLC (collectively, the "Debtors"), each respectfully request the entry of an order of the Court, pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a), authorizing the employment of Soneet Kapila, CPA and the firm of KapilaMukamal, LLP (collectively, "KM") as accountants and financial advisors to the Debtors (the "Application"). In support of the Application, the Debtors state:

1.　　On April 8, 2015 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

2.　　It is necessary for the Debtors to employ accountants and financial advisors to assist them in tax compliance filings and other financial matters. The Debtors have selected KM because of its extensive experience and expertise in bankruptcy and bankruptcy-related matters.

---

[1] The following cases are jointly administered pursuant to this Court's *Order Jointly Administering Chapter 11 Cases* [ECF No. 10], *In re High Ridge Management, Corp.*, Case No. 15-16388-JKO, *In re Hollywood Hills Rehabilitation Center, LLC*, Case No. 15-16389-JKO, and *In re Hollywood Pavilion, LLC*, Case No. 15-16390-JKO

1

3. The Debtors seek to employ KM to render the following professional services to the Debtors:

    a. Assist the Debtors in the preparation of its schedules and statements;

    b. Review of financial information prepared by the Debtors or their accountants, including, but not limited to, a review of the Debtors' financial information as of the Petition Date, their assets, and their secured and unsecured creditors;

    c. Review and analyze the organizational structure of, and financial interrelationships among, the Debtors and their affiliates and insiders, including a review of the books of such companies or persons as may be requested;

    d. Review and analyze transfers to and from the Debtors to third parties, both pre-petition and post-petition;

    e. Attend meetings with the Debtors, their creditors, the attorneys of such parties, and with federal, state, and local tax authorities, if requested;

    f. Review the books and records of the Debtors for potential preference payments, fraudulent transfers, or any other matters that the Debtors may request;

    g. Render other such assistance in the nature of accounting services, financial consulting, valuation issues, or other financial projects as the Debtors may deem necessary; and

    h. Prepare estate tax returns.

4. To the best of the Debtors' knowledge, KM neither holds nor represents any interest adverse to the estates in the matters upon which it is to be employed, is otherwise disinterested as required by 11 U.S.C. § 327(a), and its employment would be in the best interests of the estate and its creditors. A declaration in support of this application is attached as **Exhibit A**.

5. KM has agreed to perform the foregoing services at the ordinary and usual hourly billing rates of its members who will perform services in this matter. KM will incur out-of-pocket disbursements in the rendition of the services, for which it shall seek reimbursement. KM recognizes that its compensation is subject to approval and adjustment by the Court in accordance with 11 U.S.C. § 330.

*[Balance of Page Intentionally Blank]*

DATED: April 8, 2015

        HIGH RIDGE MANAGEMENT CORP.,

By: _____
    Tamir Zury, Director

HOLLYWOOD REHABILITATION CENTER, LLC
By:   High Ridge Management Corp.,
       Managing Member

By: _____
    Tamir Zury, Director

HOLLYWOOD PAVILION, LLC
By:   High Ridge Management Corp.,
       Managing Member

By: _____
    Tamir Zury, Director

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

IN RE:                                                                                    Case No.: 15-16388-JKO

HIGH RIDGE MANAGEMENT CORP., *et al.*[2]            Chapter 11

    Debtors.
_____/

## DECLARATION OF PROPOSED ACCOUNTANT AND
## FINANCIAL ADVISOR TO THE DEBTORS
## EFFECTIVE AS OF THE PETITION DATE

    **SONEET KAPILA**, pursuant to 28 U.S.C. § 1746, does state:

    1. I am a certified public accountant licensed with the State of Florida, and experienced in rendering accounting, advisory, and litigation consulting services.

    2. I am a founding partner of the accounting firm of KapilaMukamal LLP ("KM"), with offices located at 1000 South Federal Highway, Suite 200, Fort Lauderdale, Florida 33316.

    3. I am a member of the Chapter 7 Panel of Trustees in the Southern District of Florida and have been appointed trustee in bankruptcy cases in the Middle District of Florida. Should I or

---

[2] The following cases are jointly administered pursuant to this Court's *Order Jointly Administering Chapter 11 Cases* [ECF No. 10], *In re High Ridge Management, Corp.*, Case No. 15-16388-JKO, *In re Hollywood Hills Rehabilitation Center, LLC,* Case No. 15-16389-JKO, and *In re Hollywood Pavilion, LLC*, Case No. 15-16390-JKO

1

the firm become notified of any conflicts asserted by a party with which the firm has a relationship, I will notify this Court immediately.

4. This declaration is prepared pursuant to Fed. R. Bankr. P. 2014(a) to identify KM's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

5. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

6. After conducting a review of KM's records and the creditor matrix filed by the Debtors, and to the best of my knowledge and belief, neither I nor KM hold or represent any adverse interest to the Debtors or the estate in regards to the matters for which I am to be employed and are disinterested persons as required by 11 U.S.C. § 327(a).

7. Neither I nor KM has a pre-petition claim or other claim against the estate.

8. In the normal course of business, KM has completed a conflict check using the creditor matrices. Based upon review of the conflict check, other than as disclosed within this declaration, neither I nor KM have any connections with creditors, any other party in interest, their respective attorneys, the Debtors, the U.S. Trustee, or any person employed by the Office of the U.S. Trustee.

9. As part of its practice, Kapila appears in cases, proceedings, and transactions involving many different creditors, shareholders, attorneys, accountants, financial consultants, investment bankers, and other entities, some of which may be or may represent claimants and parties in interest in this case.  Kapila has a widespread practice in insolvency and bankruptcy matters and I and the Firm participate in numerous cases in both the federal and state courts

involving different professionals, including attorneys, accountants and financial consultants. Some of those professionals may represent parties-in-interest in this case. However, I am not advising any such entity and/or professional in connection with these Chapter 11 proceedings nor do I have a relationship with any such entity or professional which is adverse to the Debtor, its creditors or the estate.

10. Except for the representation of the Debtors, neither I nor KM has or will represent any other entity in connection with this case and neither I nor KM will accept any fee from any other party or parties in the case, except the estate, unless otherwise authorized by the Court.

11. The professional fees and costs incurred by KM in the course of its representation of the Debtor shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331, as well as Bankruptcy Rules 2014 and 2016.

12. The current hourly rates for the professionals at KM range from $120 to $530. KM reserves the right to increase its hourly rates in accordance with its normal and customary business practices.

13. As of the Petition Date, KM. has received the following retainer payments:

| Date Received | Entity | Amount Received |
|---|---|---|
| 3/31/15 | Hollywood Pavillion | $11,666.68 |
| 3/31/15 | Hollywood Hills Rehab Ctr | $11,666.66 |
| 3/31/15 | Highridge Mgmt Corp | $11,666.66 |

14. The $35,000 Retainer identified in ¶ 13 is held in segregated retainer accounts to be applied against pre-petition fees and costs of KM. In connection with the preparation of this chapter 11 case, KM was required to estimate the amount of fees and expenses incurred during the last few days prior to the Petition Date. KM applied such estimated amounts against the Retainer prior to the filing of this chapter 11 case. If and to the extent the actual fees and expenses incurred

during such time period are less than the estimated amounts paid, then KM shall transfer such difference to the Chapter 11 Retainer. If and to the extent that the actual fees and expenses incurred during such time period exceed the estimated amounts paid, then KM. hereby waives such excess fees and expenses.

15. There is no agreement of any nature, other than amongst members of KM, as to the sharing of compensation to be paid to KM. No promises have been received by KM or any member thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

16. KM is otherwise well-qualified to serve as accountants for the Debtor for the purpose required. KM has been retained as accountants and financial consultants to render professional services to trustees, debtors, creditors, creditors' committees, and others in numerous bankruptcy matters. Soneet R. Kapila is also a Certified Insolvency & Restructuring Advisor (CIRA), a Certified Fraud Examiner (CFE) and Certified in Financial Forensics (CFF).

### Declaration – 28 U.S.C. § 1746

I DECLARE under penalty of perjury that the foregoing is true and correct. Executed on April 7, 2015.

_____
SONEET R. KAPILA