

**ORDERED in the Southern District of Florida on April 15, 2015.**

**John K. Olson, Judge
United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In Re:

HIGH RIDGE MANAGEMENT CORP., *et al.*[1]

      Debtors.

_____/

Case No.: 15-16388-JKO

Chapter 11
(Jointly Administered)

**AGREED ORDER (1) MAINTAINING STATUS QUO OF RECEIVER ON INTERIM
BASIS PENDING FINAL HEARING, (2) GRANTING ADDITIONAL RELIEF AND
(3) SCHEDULING FURTHER HEARING**

      THIS MATTER came before the Court for Hearing on April 14, 2015 at 3:00 p.m. in Fort

Lauderdale, Florida, to consider the *Debtors' Emergency Motion For Turnover Of The Estate,*

*Or In The Alternative, For Entry Of An Order Directing The Receiver To Provide (1) An*

---

[1] The following cases are jointly administered pursuant to this Court's *Order Jointly Administering Chapter 11 Cases* [ECF No. 10], *In re High Ridge Management, Corp.*, Case No. 15-16388-JKO, *In re Hollywood Hills Rehabilitation Center, LLC*, Case No. 15-16389-JKO, and *In re Hollywood Pavilion, LLC*, Case No. 15-16390-JKO.

*Accounting, (2) Information Required By Debtors To Comply With Their Obligations And Duties As Debtors-In-Possession, And (3) Information Required By The Debtors To Facilitate A Sale Of Their Assets* [ECF No. 12] (the "Motion for Turnover"), filed by High Ridge Management Corp. and Hollywood Hills Rehabilitation Center, LLC (collectively, the "Debtors"). Hollywood Properties Investments, LLC ("HPI") moved *ore tenus* to excuse compliance with 11 U.S.C. § 543 and allow the State Court Receiver, Jon H. Steinmeyer (the "Receiver") to remain in said capacity. The Court, having reviewed the foregoing and heard arguments of counsel, having been advised that the parties have reached an interim resolution as to the issues raised as set forth herein, including the stipulation by the Receiver to cooperate with the Debtors and their professionals, and being otherwise fully advised in the premises, finds that sufficient cause exists to grant the relief set forth below.  Accordingly, it is,

   **ORDERED as follows:**

   1. To the extent it proceeds, pending the outcome of the hearing to be conducted on the date and time referenced in paragraph 6 below, the Receiver is hereby authorized to remain in possession and continue to serve as custodian pursuant to the *Amended Order Appointing Receiver* entered on April 29, 2014 in Case No. 13-026516 (12) by the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida which appointed him ("Receivership Order"). Consequently, the Receiver is excused, on an interim basis pending the hearing referenced in paragraph 6 below, from compliance to turnover pursuant to 11 U.S.C. § 543(b)(1).

   2. The Receiver has agreed to file motions or applications with the Bankruptcy Court seeking approval to use cash collateral to pay for: (a) any pre-petition and post-petition fees and costs for the Receiver and his professionals, including counsel, retained by the

Receiver; and (b) any pre-petition and/or post-petition operating expenses related to the operation of the Debtors' businesses for the post-petition period the Receiver is operating the Debtors' businesses.

3.      The Receiver has agreed, subject to applicable state and federal rules and regulations, to provide to Soneet R. Kapila of KapilaMukamal LLP[2] (or such other estate professional employed by, or sought to be employed by, the Debtors) reasonable access, during normal business hours upon reasonable notice to the Receiver, to the Debtors' property, as well as the information and documents: (a) needed by the Debtors to comply with their obligations under the Bankruptcy Code, Bankruptcy Rules, Operating Guidelines and Reporting Requirements for Debtors in Possession and Chapter 11 Trustees (the "UST Guidelines"); and (b) needed with regard to the Asset Purchase Agreement and Agreement for Purchase and Sale subject of the *Debtors' Emergency Motion for Entry of (1) An Order Approving (A) Bidding Procedures, (B) Assumption Procedures, (C) The Form and Manner of Notices, (D) Sale Agreements with Stalking Horse Bidder, and (E) Scheduling An Auction, a Sale Hearing, and Establishing Dates and Deadlines Related Thereto; (2) an Order (A) Authorizing the Sale of Substantially all of the Debtors' Assets, Free and Clear of Liens, Claims, and Encumbrances, (B) Granting The Purchaser the Protections Afforded to a Good Faith Purchaser, and (C) Granting Related Relief* (the "Sale Motion") [ECF No. 13].

4.      Subject to applicable state and federal rules and regulations, the Receiver agrees to coordinate with the Debtors, Buyer (as defined in the Sale Motion), or their respective authorized agents, reasonable access to the Debtors' real property during normal

---

[2] The Debtors have filed an application seeking to retain Soneet R. Kapila and KapilaMukamal LLP as their accountants and financial advisors [ECF No. 11].

business hours in order to conduct a Phase II environmental site assessment on or before **April 22, 2015**, or such other date that the Receiver, Debtors and/or Buyer agree to in writing.

5.      In addition, subject to applicable state and federal rules and regulations, the Receiver agrees to coordinate reasonable access to the Debtors' real property as well as the nursing home operations during normal business hours for prospective bidders who have executed the Debtors' form of non-disclosure agreement upon reasonable notice to the Receiver.

6.      The hearing on Motion for Turnover is continued to **April 24, 2015 at 9:30 a.m.** at the U.S. Courthouse, 299 E. Broward Boulevard, Courtroom 301, Fort Lauderdale, Florida 33301. Unless the parties have reached a resolution in advance, the hearing shall be an evidentiary hearing.

7.      Subject to the foregoing, the Receiver is authorized to operate, manage and control property of the estate in the ordinary course of business as authorized under the Receivership Order.

8.      Nothing herein shall limit or prejudice any party from seeking such other or further relief or right available in law, under the Bankruptcy Code or otherwise.

# # #

**Submitted by:**
Grace E. Robson, Esq.
Markowitz, Ringel, Trusty & Hartog, P.A.
*Proposed Counsel to Debtors*
101 NE Third Avenue, Suite 1210
Fort Lauderdale, FL 33301
Tel: (954) 767-0030

**Copies to:**
Grace E. Robson, Esq.
*(Attorney Robson is directed to mail a copy of this Order to all interested parties and to file a certificate of service).*                                    562257.4

4