UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In Re:

High Ridge Management Corp., et al.

Debtors**.**

_____/

Jointly Administered

CASE NO.: 15-16388-JKO

Chapter 11

## CONDITIONAL AND LIMITED OBJECTION TO DEBTORS' SALE PROCEDURES MOTION AND CORRESPONDING AGREEMENTS

Tenant, Larkin Community Hospital Behavioral Health Services Inc. ("LBH"), by and through undersigned counsel, and pursuant to 11 U.S.C. §§ 363 and 365, hereby files its Conditional and Limited Objection to Debtors' Sale Procedure Motion [DE 13] and corresponding sale agreements [DE 192], and in support thereof, would state as follows:

1. On April 8, 2015, the Debtors filed the instant Chapter 11 proceedings. As of the Petition Date, a Receiver was in control of the Debtors' assets pursuant to the corresponding Amended Order entered in State Court (attached as Exhibit 2 to DE 42).

2. On April 10, 2015, the Honorable Judge Martinez entered that certain Amended Order of Forfeiture in connection with the almost $40 million pre-petition Order of Forfeiture dated March 6, 2015 (attached as Exhibit 3 to DE 42).

3. Pre-Petition, LBH acquired the license and assets of Debtor Hollywood Pavilion, LLC. This Pavilion transaction also involved the execution of a lease with Debtor High Ridge Management Corp. ("HRM") and LBH for the space previously occupied by Hollywood Pavilion.

4. The Debtors filed a Motion to establish certain sales procedures and ultimately approve an asset purchase agreement [DE 13] (the "Sales Procedure Motion"). The Court later

9487800 _2

entered its Order Approving (A) Bidding Procedures, (B) The Form And Manner Of Notices, (C) Sale Agreements With Stalking Horse Bidder, Including Purchaser Protections And (D) Scheduling An Auction, A Sale Hearing, And Establishing Dates And Deadlines Related Thereto [DE 122] ("Sale Procedure Order"), which set June 22nd as the deadline to file objections.

5.      LBH objects to any relief or purchase agreement that attempts to sell the assets of HRM free and clear of the non-monetary property rights and interest via the LBH lease. See, 11 U.S.C. § 365.  The objection is conditional given the possibility it may be resolved or be rendered moot by future events.  As such, the objection herein is being filed in an abundance of caution.  To the extent the issue presents itself, LBH reserves the right to supplement this objection.

WHEREFORE, Larkin Community Hospital Behavioral Health Services Inc., respectfully request that its conditional and limited objection be sustained, together with such other and further relief that this Honorable Court may deem just and proper.

Dated this 22nd day of June 2015.            **ROETZEL & ANDRESS**

By: /s/ Alan J. Perlman
Alan J. Perlman
Florida Bar No. 826006
350 E. Las Olas Boulevard, Suite 1150
Ft. Lauderdale, FL 33301
Telephone: (954) 462-4150
Facsimile:  (954) 462-4260
E-mail:  aperlman@ralaw.com
*Attorneys for Larkin Community Hospital Behavioral Health Services Inc.*

3

**CERTIFICATE OF SERVICE
AND COMPLIANCE WITH LOCAL RULE 2090-1(A)**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on June 22, 2015 via CM/ECF on all parties who are registered for electronic notice.

**I HEREBY FURTHER CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

/s/ Alan J. Perlman
Alan J. Perlman