**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 15-16388-BKC-JKO

HIGH RIDGE MANAGEMENT CORP., et al.,          Chapter 11
                                                          Jointly Administered

     Debtors.

_____/

**UNITED STATES TRUSTEE'S AMENDED[1] MOTION TO APPOINT A TRUSTEE OR EXAMINER, OR ALTERNATIVELY, MOTION TO DISMISS OR CONVERT CASE,**

     Guy G. Gebhardt, Acting United States Trustee for Region 21 (the "United States Trustee"), in furtherance of the administrative duties imposed pursuant to 28 U.S.C. § 586(a), and pursuant to 11 U.S.C. §§ 1104 and 1129, respectfully moves this Court to enter an order directing the appointment of a chapter 11 trustee or examiner in this case or alternatively, dismissing this case or converting this case to chapter 7, and in support thereof states as follows:

**BACKGROUND FACTS**

     1.     On April 8, 2015 (the "Petition Date"), High Ridge Management Corp.("High Ridge"), Hollywood Hills Rehabilitation Center, LLC ("Hollywood Hills"), and Hollywood Pavilion, LLC ("Pavilion" and together with Hollywood Hills and High Ridge, the Debtors) filed petitions for relief under Chapter 11 of the Bankruptcy Code.

     2.     The United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") on May 1, 2015.

     3.     On May 5, 2015, the High Ridge filed its bankruptcy schedules (the "Schedules") and Statement of Financial Affairs (the "SOFA") [D.E.#97].

---

[1] Amends D.E.#220 in order to add request for appointment of an examiner to requested relief, and to correct scrivener's error in paragraph 2.

4.      The meeting of creditors for the Debtors, pursuant to 11 U.S.C. § 341 (the "341 Meeting") was initially held on May 7, 2015, and then continued to, and concluded on May 21, 2015.

5.      As shown below, Item #21(b) of the SOFA for High Ridge reflects that Leonore Kallen ("Kallen") is a Director and holds 1 share of voting common stock of High Ridge:

| None ☐ | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation. | | |
|---|---|---|---|
| **NAME AND ADDRESS** | | **TITLE** | **NATURE AND PERCENTAGE OF STOCK OWNERSHIP** |
| Leonore Kallen | | Director | 1 Share Voting Common Stock |
| Karen Kallen-Zury Trust under the Leonore Kallen 2007 Dynasty Trust | | | 99 Shares Non-Voting Common Stock |
| Tamir Zury | | Director | |

6.      Additionally, paragraph 9 of the *Declaration of Grace E. Robinson in Support of Debtors' Application To Employ Grace E. Robson And Markowitz Ringel Trusty & Hartog, P.A. Nunc Pro Tunc To The Petition Date* [D.E.#9] recites that Kallen is "a director and the sole voting equity security holder of High Ridge Management Corp."

7.      However, at the 341 Meeting, the Debtors' representative testified that Kallen is also the President of High Ridge.

8.      Additionally, as shown on the attached Exhibit "A", the Florida Secretary of State records reflect that Kallen is the President of High Ridge.

9.      Upon information and belief, on or about May 27, 2015, Kallen signed that certain letter addressed to the Internal Revenue Service, indicating that the Debtor, High Ridge was revoking its S Corporation Election, effective on June 1, 2015 (the "Revocation").

10.     A true and correct copy of the Revocation is included in the attached Composite Exhibit "B".

2

11.     Upon information and belief, by signing the Revocation, Kallen intended to revoke the High Ridge's S Corporation Election in order to eliminate any personal tax liability she would sustain as a result as a result of the sale (the "Sale") of substantially all of the assets of High Ridge and Hollywood Hills (the "Assets").

12.     Upon information and belief, Kallen knew that revoking High Ridge's S Corporation Election would create tax liability for the Debtors.

13.     On June 22, 2015, less than 48 hours prior to the scheduled auction to sell the Assets (the "Auction"), and less than 72 hours prior to the scheduled hearing to approve the Sale (the "Sale Hearing"), the Committee filed its *Limited Objection Of The Official Committee Of Unsecured Creditors To Debtors' Emergency Motion For Entry Of An Order (A) Authorizing The Sale Of Substantially All Of The Debtors' Assets, Free And Clear Of Liens, Claims And encumbrances, (B) Granting The Purchaser To Protections Afforded To A Good Faith Purchaser, And (C) Granting Related Relief* [D.E.#202], stating, *inter alia*, that, the revocation of the subchapter S status could result in a 40% tax rate on the Sale.

14.     Upon review of the Limited Objection on June 23, 2015, the United States Trustee immediately asked Committee Counsel for any documents that they had received relating to the Revocation.

15.     Committee counsel responded via email that they had not seen the documents in that yet and that they were just informed that it happened.

16.     Committee counsel's June 23, 2015 email response also instructed co-counsel to make an informal demand on equity or the documents that day and if they did not respond as soon as possible, that they should serve a 2004 exam for documents.

17.     That evening, on June 23, 2015, the United States Trustee filed his *Emergency Motion for a Status Conference and to Postpone the Auction* [D.E.#208]

requesting that the Auction be postponed to permit the Court and parties in interest to obtain more information regarding the Revocation.

18.     Also on June 23, 2015, Committee Counsel filed his *Motion For Entry Of Agreed Order For Authority And Standing To Take Appropriate Action And/Or Prosecute Claims With Respect To Shareholder Revocation Of Subchapter S Status* [D.E.#209] (the "Agreed Motion to Confer Standing").

19.     On June 24, 2015, the Court scheduled an emergency telephonic hearing (the "Emergency Hearing") just 10 minutes before the Auction was scheduled to begin.

20.     At the Emergency Hearing, Committee counsel told the Court the following:

a.  The Committee learned about the Revocation on June 5, 2015;

b.  The Committee delayed reporting the issue to the Court because it was a complicated issue and the Committee was working to complete understand the Revocation issue and how it would impact creditors' recovery;

c.  The Revocation could lead to severe dilution of potential recovery for unsecured creditors;

d.  The Committee had obtained Debtors' counsel's agreement to confer standing on the Committee to prosecute claims with respect to the shareholder revocation of subchapter S status and

e.  The Auction should nevertheless be permitted to proceed because that would be the only way to ever find out how the Revocation would really affect the Debtors' estates.

21.     Debtors' counsel agreed with Committee counsel's statements but added that he did not believe that the Debtor was involved in the Revocation—that it was the act of an equity holder.

4

22.     The Auction proceeded and concluded with a successful bid of $24.5 million from Hollywood Property Investments, LLC.

23.     The next day, on June 25, 2015 at the Sale Hearing, this Court approved the Sale.

24.     Following approval of the Sale, the Committee presented the Agreed Motion to Confer Standing.

25.     At that time, for the first time, the Court learned that "the Debtor" signed the Revocation.

26.     Following Committee Counsel's presentation, Debtors' counsel announced to the Court that he needed to correct the record when he had stated at the June 24, 2015 Emergency Hearing that the Debtor had not been involved in the Revocation, because the Revocation was on the Debtor's letterhead and signed by the Debtor.

27.     Following the Sale Hearing, the United States Trustee asked counsel to Leonore Kallen to provide a copy of the Revocation.

28.     Later that day, the United States Trustee received a copy of the Revocation, a true copy of which is included in Composite Exhibit "B" attached hereto.

29.     Upon receipt and review of the Revocation, the United States Trustee, then asked Debtors' counsel when they received the Revocation.

30.     The next day, on June 26, 2015, Debtors' counsel responded that they had received the Revocation on June 1, 2015, and that they had notified Committee Counsel about the Revocation on June 3, 2015.

## ARGUMENT

### I.     The Court Should Appoint a Chapter 11 Trustee

1.    The appointment of a trustee in chapter 11 cases is governed by 1104(a),

which provides in pertinent part, as follows:

> ...on request of a party in interest or the United States Trustee, and
> after notice and a hearing, the court shall order the appointment of a
> trustee –
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross
> mismanagement of the affairs of the debtor by current management,
> either before or after the commencement of the case, or similar cause,
> but not including the number of holders of securities of the debtor or
> the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interests of creditors, any equity
> security holders, and other interests of the estate, without regard to
> the number of holders of securities of the debtor or the amount
> of assets or liabilities of the debtor.

*See* 11 U.S.C. § 1104(a).

2.    Here, as is more fully discussed below, this Court must appoint a trustee

where cause exists <u>and</u> the appointment of a trustee is in the best interest of creditors.

**A.  <u>This Court Must Appoint A Chapter 11 Trustee For Cause Where the
Facts Show Gross Mismanagement of the Affairs of the Debtors</u>**

3.    Subsection (a)(1) mandates appointment of a trustee for cause, and

provides a <u>nonexhaustive</u> list of conduct warranting such appointment.   *See In re*

*SunCruz Casinos, LLC*, 298 B.R. 821, 828 (Bankr. S.D.Fla. 2003) (emphasis added).

4.    First, with respect to subsection (a)(1), a trustee must be appointed here

where current management, at a minimum, has exhibited gross mismanagement of the

Debtors' financial affairs where, **<u>postpetition</u>**, without Court approval, and without notice

to the Court and parties in interest, the President of High Ridge revoked the subchapter S

tax status of High Ridge.

5.    Moreover, the President's revocation of the long standing subchapter S

corporate election that governed the tax status of the Debtors (and that she has long

benefitted from), approximately three (3) weeks before the Sale, solely for her own personal gain at the expense of the Debtors' estates and their creditors, constituted a clear breach of her fiduciary duty as an officer, director, and shareholder of the Debtors.

6.     As noted by this Court in *SunCruz*, "[o]nce the court finds that cause exists under § 1104(a)(1), there is no discretion; an independent trustee must be appointed." *SunCruz Casinos, LLC*, 298 B.R. at 828.

**B.    This Court Must Appoint A Chapter 11 Trustee if it is in the Best Interest of Creditors and other Interests of the Estate**

7.     Even if this Court does not find cause sufficient to direct the appointment of a trustee under Section 1104(a)(1), Section 1104(a)(2) provides a separate basis for the appointment of a chapter 11 trustee in this case where such appointment would be in the best interest of creditors and other interests of the estate.

8.     First, where the facts here exhibit gross mismanagement of the affairs of the Debtor, and intentional breaches of fiduciary duty by management and equity, it is clear that appointment of a chapter 11 trustee will be in the best interest of creditors and the Debtor's estate.

9.     Moreover, consideration of the following additional factors used by courts to determine whether the appointment of a trustee is in the best interest of the parties under Section 1104(a)(2), also supports the appointment of a trustee:

a)  the trustworthiness of the debtor;

b)  the debtor's past and present performance and prospects for the debtor's rehabilitation;

c)  the confidence or lack thereof of the business community and of creditors in present management; and

      d)  the benefits derived by the appointment of a trustee, balanced against the cost of the appointment.

*See In re Cajun Electric Power Co-Op, Inc.*, 1991 B.R. 659, 661-62 (M.D.La. 1995)

10.    Here, the circumstances clearly demonstrate that the appointment of a chapter 11 trustee is in the best interest of the parties and the Debtors' estates.

11.    With regard to the first factor, there can be no doubt that this Debtors' is not trustworthy where its President flouted this Court's authority and without Court approval, or notice to the Court, took affirmative action that could drastically reduce the potential recovery for creditors.

12.    Moreover, the fact that Debtors' counsel may have been aware as early as June 1, 2015, that it was **the Debtor**, **and not equity**, that took this action, but failed to disclose that salient fact to the Court, further supports the argument that an independent fiduciary needs to be appointed in this case.

13.    The second factor is inapplicable to this case because substantially all of the assets of the Debtors will/have been sold during the course of these cases.

14.    With regard to the third factor, it is unlikely that creditors have confidence in current management where management, through its actions have created a huge tax liability for the Debtors at the creditors' expense.

15.    Finally, the costs attendant to a trustee appointment pale in comparison to the losses that could be sustained by the Debtors' estates' and their creditors if the above-described gross mismanagement of the Debtors' affairs and breaches of fiduciary duty by management that have been evident thus far are allowed to continue.

## II.    __Alternatively, The Court Should Appoint an Examiner__

16.    Section 1104(c) of the Bankruptcy Code provides in relevant part that:

> …the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if –
>
>     (1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate;…

See 11 U.S.C. § 1104(c).

17.    Accordingly, to the extent this Court does not find cause sufficient to appoint a trustee, given the potential significant adverse effects of the Revocation on the Debtors' estates and their creditors, this Court can nevertheless order the appointment of an examiner.

**III.    Alternatively, The Court Should Dismiss this Case or Convert it to Chapter 7**

18.    Dismissal and conversion of Chapter 11 cases is governed by Section 1112(b), which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

19.    The term "cause" is not defined by the Bankruptcy Code, but Section 1112(b)(4) lists sixteen (16) examples of cause which justify dismissal or conversion:

> A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

*See* 11 U.S.C. § 1112(b)(4).

20.    In this case, at a minimum, and as discussed more fully above, the record supports a finding of cause sufficient to warrant dismissal or conversion under (i) Section 1112(b)(4)(B) where management of the Debtors has exhibited gross mismanagement of the estate where she took affirmative action that could have detrimental financial impact on the Debtors' estates.

21.    Accordingly, should this Court decline to order the appointment of a chapter 11 trustee or examiner, the U.S. Trustee submits that dismissal of this case, or conversion of this case to chapter 7 would be the next best alternative.

WHEREFORE, the United States Trustee the United States Trustee respectfully requests the entry of an order directing the appointment of a chapter 11 trustee or examiner, or alternatively, dismissing the above-captioned chapter 11 case, or converting this case to a case under chapter 7; and such other and further relief as this Court may deem just and proper.

Guy G. Gebhardt
Acting United States Trustee
Region 21

/s/   Zana M. Scarlett
Zana M. Scarlett, Trial Attorney
Florida Bar No.: 626031
U.S. Trustee's Office
51 SW 1st Ave., Room 1204
Miami, FL 33130
Phone: (305) 536-7285
Fax: (305) 536-7360

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on the following parties electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof shall be served by U.S. Mail, postage prepaid, on parties not appearing electronically as listed on the attached service list:

• Joaquin J Alemany        joaquin.alemany@hklaw.com , jose.casal@hklaw.com

• Joshua B Alper        JAlper@BlankRome.com

• Nicholas B. Bangos        nbangos@diazreus.com

• Timothy R Bow        tbow@mrthlaw.com , jgarey@mrthlaw.com , ycandia@mrthlaw.com , mrthbkc@gmail.com , ecfnotices@mrthlaw.com

• Jerry M Markowitz        jmarkowitz@mrthlaw.com , ycandia@mrthlaw.com , rrubio@mrthlaw.com , mrthbkc@gmail.com ,gruiz@mrthlaw.com ,

• Alan J. Perlman        aperlman@ralaw.com , mhannau@ralaw.com

• Grace E. Robson        grobson@mrthlaw.com , jgarey@mrthlaw.com ,

11

mrthbkc@gmail.com , lgener@mrthlaw.com

•Cherish A. Thompson       cherish@tafirm.com , eservice@tafirm.com

•Debora Fridie       fridied@ahca.myflorida.com

•Carl L Kitchner       ckitchner@broward.org , swulfekuhle@broward.org

•Paul J. Battista       pbattista@gjb-law.com , gjbecf@gjb-law.com
•
•Michael C Markham       mikem@jpfirm.com , minervag@jpfirm.com

Soneet Kapila
KapilaMukamal LLP
1000 S Federal Hwy #200
Fort Lauderdale, FL 33316

Mark A Albright
200 S Andrew Ave # 600
Fort Lauderdale, FL 33301

Tucker H Byrd
180 N Park Ave # 2A
Winter Park, FL 32789

Guy A Rasco
2800 Poce De Leon Blvd #1400
Coral Gables, FL 33134

Keith E. Gibson
45210 Portofino Way
Apt. 201
West Palm Beach, FL 33409

Daryl Joyce
21881 SW 94 Ave
Miami, FL 33190

# EXHIBIT A



# Detail by Entity Name

## Florida Profit Corporation

HIGH RIDGE MANAGEMENT CORP.

## Filing Information

| | |
|---|---|
| **Document Number** | P94000023427 |
| **FEI/EIN Number** | 650499321 |
| **Date Filed** | 03/25/1994 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | AMENDMENT |
| **Event Date Filed** | 01/08/2007 |
| **Event Effective Date** | NONE |

## Principal Address

1200 N. 35TH AVE.
HOLLYWOOD, FL 33021-5413

## Mailing Address

1200 N. 35TH AVE.
HOLLYWOOD, FL 33021-5413

Changed: 04/14/2010

## Registered Agent Name & Address

Hough, John H
11300 US HWY ONE, SUITE 401
Palm Beach Gardens, FL 33404

Name Changed: 02/28/2013

Address Changed: 02/28/2013

## Officer/Director Detail

**Name & Address**

| | |
|---|---|
| 10/22/2001 -- REINSTATEMENT | View image in PDF format |
| 01/19/2000 -- ANNUAL REPORT | View image in PDF format |
| 01/29/1999 -- ANNUAL REPORT | View image in PDF format |
| 01/21/1998 -- ANNUAL REPORT | View image in PDF format |
| 01/22/1997 -- ANNUAL REPORT | View image in PDF format |
| 01/27/1995 -- ANNUAL REPORT | View image in PDF format |

Copyright © and Privacy Policies
State of Florida, Department of State

## 2015 FLORIDA PROFIT CORPORATION ANNUAL REPORT

DOCUMENT# P94000023427

**Entity Name:** HIGH RIDGE MANAGEMENT CORP.

**FILED**
**Apr 22, 2015**
**Secretary of State**
**CC2360295854**

**Current Principal  Place of Business:**

1200 N. 35TH AVE.
HOLLYWOOD, FL 33021-5413

**Current Mailing Address:**

1200 N. 35TH AVE.
HOLLYWOOD, FL 33021-5413

**FEI Number:** 65-0499321                     **Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

HOUGH, JOHN H
11300 US HWY ONE, SUITE 401
PALM BEACH GARDENS, FL 33404 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:  JOHN H HOUGH                                                        04/22/2015
_____           _____
            Electronic Signature of Registered Agent                                     Date

**Officer/Director Detail :**

| Title | PD | | Title | VDS |
|---|---|---|---|---|
| Name | KALLEN, LEONORE | | Name | ZURY, TAMIR |
| Address | 1200 N 35TH AVENUE | | Address | 1200 N 35TH AVENUE |
| City-State-Zip: | HOLLYWOOD  FL 33021 | | City-State-Zip: | HOLLYWOOD  FL 33021 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: LEONORE KALLEN                          PD                    04/22/2015
_____           _____
        Electronic Signature of Signing Officer/Director Detail                          Date

# EXHIBIT  B

# MURPHY REID, L.L.P.

### A T T O R N E Y S   A T   L A W

241 Bradley Place, Suite C
Palm Beach, Florida 33480
Tel. 561-655-4060 • Fax 561-832-5436

11300 U.S. Highway One, Suite 401
Palm Beach Gardens, Florida 33408
Tel. 561-355-8800 • Fax 561-832-5436

100 Vista Royale Boulevard
Vero Beach, Florida 32962
Tel. 772-567-6480 • Fax 772-562-0220

Please respond to Palm Beach Gardens office

JHoughLaw@comcast.net

May 27, 2015

**VIA FEDEX**
Dr. Phillip Kallen
2324 NE 28th Street
Lighthouse Point, FL  33064

Re: Revocation of S Election for High Ridge Management Corp.

Dear Phil:

Enclosed please find two identical revocation forms for your Mother to execute, one to be certified mailed to UT and the other certified mailed to OH.  You cannot sign as POA; these forms must be executed by your Mother.  We have prepared the certified mailing labels for you, however, you still need to take them to the post office. Please mail on or before Monday, June 1st.  If you have any questions, please call me at (561) 655-4060.  Thank you.

Sincerely,

John Harrison Hough

Enclosures

cc:  Ken Bryant

T:\HOUGH, P.A\JHH\KALLEN\Estate of Herbert Kallen\CORRESPONDENCE\Ltr to P Kallen re Revocation of S Election High Ridge.doc

FRANK T. PILOTTE† • GEORGE P. ORD⁴ • JOHN HARRISON HOUGH • KATHLEEN A. KADYSZEWSKI* •
MARTINA L. NETHERY • LESLIE A. TERRY • KELLY A. BUIST⁴

⁴Board Certified Business Litigation and Civil Trial   †Board Certified Wills, Trusts and Estates Lawyer   *Of Counsel, also admitted in New York



☑001/008

01/02/2013 21:05 FAX



CERTIFIED MAIL

REORDER CAT. NO. 3086
Blumberg
LawProducts
www.blumberg.com

7194 1538 4150 0000 5177

**Sender:**

JOHN HARRISON HOUGH
MURPHY REID, LLP
1300 US HIGHWAY ONE, STE 401
PALM BEACH GARDENS FL 33408

COMPLETE THIS SECTION ON DELIVERY

A. Signature: (☐ Addressee or ☐ Agent)
X
B. Received By: (Please Print Clearly)
C. Date of Delivery
D. Addressee's Address (If different from address used by Sender)

4. Restricted Delivery? (Extra Fee) ☐ Yes
1. Service Type: CERTIFIED
2. Article Number: 7194 1538 4150 0000 5177

1. Article Addressed To:

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE CENTER
CINCINNATI OH 45999-0013

7194 1538 4150 0000 5177

RECEIPT
7194 1538 4150 0000 5177

FROM:
John Harrison Hough
RE: Keller - High Ridge Revocation
Keller - High Ridge Revocation

SEND TO:
Department of the Treasury
Internal Revenue Service Center
Cincinnati OH 45999-0013

FEES:
Postage          0.48
Certified Fee    3.30
Return Receipt   2.70
Restricted

TOTAL            $ 6.48

POSTMARK OR DATE



**High Ridge Management Corp.**
1200 N. 35ᵗʰ Ave.
Hollywood, FL 33021-5413

May 27, 2015

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
Department of the Treasury
Internal Revenue Service Center
Cincinnati, OH 45999-0013

Department of the Treasury
Internal Revenue Service Center
Center Ogden, UT 84201

Re:     Revocation of S Corporation Election of **High Ridge Management Corp.**
        Taxpayer Identification Number: ▓▓▓▓▓▓▓▓

To Whom It May Concern:

Notice is hereby given, pursuant to Section 1362(d) of the Internal Revenue Code, that **High Ridge Management Corp.**, a corporation incorporated in the State of Florida, with address of 1200 N. 35ᵗʰ Ave., Hollywood, FL 33021-5413, revokes its S Corporation Election filed in accordance with Section 1362(a).

The number of shares of the corporation's stock (including non-voting stock) issued and outstanding at the time of this revocation is: 1 Share of Class A Voting Common Stock and 99 Shares of Class B Non-voting Common Stock (100 Total Shares of Common Stock).

This revocation of S corporation election shall become effective on June 1, 2015. Required shareholder consents to this revocation of election are attached. Please direct any questions regarding this revocation to John Harrison Hough, Esq. at (561) 655-4060. Thank you.

Sincerely,

Leonore Kallen
President of High Ridge Management Corp.



**High Ridge Management Corp.**
1200 N. 35th Ave.
Hollywood, FL 33021-5413

## SHAREHOLDERS' STATEMENT OF CONSENT TO SUBCHAPTER S REVOCATION

The undersigned shareholders, in accordance with IRC Section 1362(d), hereby consent to the revocation by High Ridge Management Corp. (TIN: ███████) of its S Corporation Election under IRC Section 1362(a). Such revocation is effective June 1, 2015.

This consent is given under penalties of perjury and to the best of my knowledge and belief, the statements are true, correct, and complete.

By: _____

Leonore Kallen
Ashton Gardens
5999 University Drive
Bldg. 11, Apt. 104
Parkland, FL 33067

Date 5/8/15

By: _____

Leonore Kallen, as Taxpayer/Grantor of the
Karen Kallen-Zury Trust under the
Leonore Kallen 2007 Dynasty Trust
Ashton Gardens
5999 University Drive
Bldg. 11, Apt. 104
Parkland, FL 33067

Date 5/8/15

At the time of this revocation, the issued and outstanding shares of the High Ridge Management Corp. are held as follows:

| Shareholder Name: | TIN: | No. of Shares: | Date Acquired/Tax Year End: | |
|---|---|---|---|---|
| Leonore Kallen | ███████ | 1 Class A Voting | 01-08-07 | 12-31 |
| Karen Kallen-Zury Trust under the Leonore Kallen 2007 Dynasty Trust | ███████ | 99 Class B Non-voting | 08-31-09 | 12-31 |





RECEIPT
7194 1538 4150 0000 5184

FROM:
John Harrison Hough
RE: Kallen - High Ridge Revoc
Kallen - High Ridge Revocation

SEND TO:
Department of the Treasury
Internal Revenue Service Center
Ogden UT 84201

FEES:
Postage                 0.46
Certified Fee           3.30
Return Receipt          2.70
Restricted

TOTAL      $6.46

POSTMARK OR DATE

4. Restricted Delivery?   3. Service Type
(Extra Fee) ☐ Yes    CERTIFIED

2. Article Number

7194 1538 4150 0000 5184

1. Article Addressed To:

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE CENTER
OGDEN UT 84201

COMPLETE THIS SECTION ON DELIVERY

JOHN HARRISON HOUGH
MURPHY REID, LLP
11300 US HIGHWAY ONE, STE 401
PALM BEACH GARDENS FL 33408

A. Signature: (☐ Addressee or ☐ Agent)
X

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City                    State        ZIP+4 Code

Sender:

7194 1538 4150 0000 5184

CERTIFIED MAIL

RETURN

www.blumberg.com
Blumberg
LawProducts
REORDER CAT. NO. 3688

**High Ridge Management Corp.**
1200 N. 35th Ave.
Hollywood, FL 33021-5413

May 27, 2015

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
Department of the Treasury
Internal Revenue Service Center
Cincinnati, OH 45999-0013

Department of the Treasury
Internal Revenue Service Center
Center Ogden, UT 84201

Re:    Revocation of S Corporation Election of **High Ridge Management Corp.**
       Taxpayer Identification Number: ▮▮▮▮▮▮▮

To Whom It May Concern:

Notice is hereby given, pursuant to Section 1362(d) of the Internal Revenue Code, that **High Ridge Management Corp.**, a corporation incorporated in the State of Florida, with address of 1200 N. 35th Ave., Hollywood, FL 33021-5413, revokes its S Corporation Election filed in accordance with Section 1362(a).

The number of shares of the corporation's stock (including non-voting stock) issued and outstanding at the time of this revocation is: 1 Share of Class A Voting Common Stock and 99 Shares of Class B Non-voting Common Stock (100 Total Shares of Common Stock).

This revocation of S corporation election shall become effective on June 1, 2015. Required shareholder consents to this revocation of election are attached. Please direct any questions regarding this revocation to John Harrison Hough, Esq. at (561) 655-4060. Thank you.

Sincerely,

Leonore Kallen
President of High Ridge Management Corp.

**High Ridge Management Corp.**
1200 N. 35th Ave.
Hollywood, FL 33021-5413

### SHAREHOLDERS' STATEMENT OF CONSENT TO SUBCHAPTER S REVOCATION

The undersigned shareholders, in accordance with IRC Section 1362(d), hereby consent to the revocation by High Ridge Management Corp. (TIN: ▮▮▮▮▮▮▮▮) of its S Corporation Election under IRC Section 1362(a).  Such revocation is effective June 1, 2015.

This consent is given under penalties of perjury and to the best of my knowledge and belief, the statements are true, correct, and complete.

By: _____          _____
    Leonore Kallen                                Date
    Ashton Gardens
    5999 University Drive
    Bldg. 11, Apt. 104
    Parkland, FL 33067
    T▮▮▮▮▮▮▮▮▮▮▮

By: _____          5/28/15
    **Leonore Kallen, as Taxpayer/Grantor of the**          _____
    **Karen Kallen-Zury Trust under the**                    Date
    **Leonore Kallen 2007 Dynasty Trust**
    Ashton Gardens
    5999 University Drive
    Bldg. 11, Apt. 104
    Parkland, FL 33067
    ▮▮▮▮▮▮▮▮▮▮▮

At the time of this revocation, the issued and outstanding shares of the High Ridge Management Corp. are held as follows:

| Shareholder Name: | TIN: | No. of Shares: | Date Acquired/Tax Year End: | |
|---|---|---|---|---|
| Leonore Kallen | ▮▮▮▮▮▮ | 1 Class A Voting | 01-08-07 | 12-31 |
| Karen Kallen-Zury Trust under the Leonore Kallen 2007 Dynasty Trust | ▮▮▮▮▮▮ | 99 Class B Non-voting | 08-31-09 | 12-31 |

RECEIPT
7194 1538 4150 0000 5184

FROM:
John Harrison Hough
RE: Kallen - High Ridge Revoc
Kallen - High Ridge Revocation

SEND TO:
Department of the Treasury
Internal Revenue Service Center
Ogden UT 84201

FEES:

| | |
|---|---|
| Postage | 0.48 |
| Certified Fee | 3.30 |
| Return Receipt | 2.70 |
| Restricted | |
| TOTAL | $ 6.48 |

POSTMARK OR DATE
USPS MAY 29 2015

RECEIPT
7194 1538 4150 0000 5177

FROM:
John Harrison Hough
RE: Kallen - High Ridge Revoc
Kallen - High Ridge Revocation

SEND TO:
Department of the Treasury
Internal Revenue Service Center
Cincinnati OH 45999-0013

FEES:

| | |
|---|---|
| Postage | 0.48 |
| Certified Fee | 3.30 |
| Return Receipt | 2.70 |
| Restricted | |
| TOTAL | $ 6.48 |

POSTMARK OR DATE
USPS MAY 29 2015